IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WWMAJ SYSTEMS LLC, | ) | Case No. 23-20536 |
| | ) | Chapter 11 |
| Debtor. | ) | Subchapter V |
| | ) | |

**MOTION FOR APPROVAL OF PRELIMINARY ORDER PURSUANT TO 11 U.S.C. § 363 AND FED. R. BANKR. P. 4001 CONCERNING THE USE OF CASH COLLATERAL AND PROVIDING FOR ADEQUATE PROTECTION**

Debtor and Debtor-in-Possession WWMAJ Systems LLC, a Kansas limited liability company, now comes by and through counsel to move the Court for entry of a preliminary order authorizing Debtor's use of cash collateral. In support hereof Debtor states as follows:

1. On May 16, 2023, WWMAJ Systems LLC, a Kansas limited liability company (hereinafter "**Debtor**") filed a voluntary petition for relief under Subchapter V of Chapter 11 of Title 11 of the United States Code (the "**Code**"). Pursuant to §§ 1107 and 1108 of the Code, Debtor remains as Debtor-in-Possession.

2. Debtor operates an online sales and distribution company.

3. At the time of the filing, Debtor had approximately, $1,400 in cash and approximately $64,629.33 in accounts receivable, including approximately $56,244.98 currently being held by Amazon, and $31,404.98 held by Walmart, Debtors largest account debtors.

4. Of the amount held by Amazon, Debtor is actually only entitled to withdraw approximately $32,314.66, because Amazon requires Debtor to maintain approximately 50% in reserve.

5. Upon information and belief, creditors Kalamata Capital, LLC ("**Kalamata**") and

SellersFunding International Portfolio, Ltd. ("**SellersFi**" and together with Kalamata, the "**Senior Secured Lenders**"), among others, claim liens against the Debtor's accounts receivable (and proceeds thereof) described in Paragraph 3. Accordingly, those assets constitute the Debtor's "Cash Collateral."[1]

6. Moreover, on or about April 26, 2023, SellersFi delivered a UCC 9-406 notice, directing Amazon to direct all future payments owed to the Debtor to SellersFi. Amazon is holding all funds until it receives direction from the parties or the Court regarding whom is entitled to receive those funds.

7. Debtor has not fully analyzed the Senior Secured Lenders' loan documents, and Debtor reserves the right to challenge their liens within a reasonable amount of time, but for the purpose of this Motion, Debtor assumes that their liens are valid.

8. Debtor proposes providing the Senior Secured Lenders replacement liens to the extent of their respective priorities and interests in Debtor's post-petition accounts receivable in an amount equal to the extent the Debtor's use of cash collateral results in any decrease in the aggregate value of the Senior Secured Creditors' liens on Debtor's property on the Petition Date (but not to exceed the Cash Collateral used by the Debtor).

9. Debtor also proposes to make monthly adequate protection payments in an amount equal to the interest that would accrue on the Cash Collateral used at an annual rate of 10%.

10. Debtor will segregate these funds until the Senior Secured Lenders' relative priority and interests in the cash collateral is determined, at which time it will distribute them to the appropriate Senior Secured Lender based on that determination.

11. The replacement liens and adequate protection payments will provide adequate

---

[1] There are additional lenders with UCC-1s on file that may have a junior interest in the cash collateral, but Kalamata is owed approximately $39,000 and SellersFunding is owed approximately $242,000, so the cash collateral would be exhausted long before any of those junior lenders would receive anything. Nevertheless, Debtor is serving this motion and the notice of objection deadline to all potential lienholders in the cash collateral.

protection to the Senior Secured Lenders.

12. A proposed budget for use of the Cash Collateral, as well as post-petition revenues, is attached here as **Exhibit A**, and a proposed order on this motion is attached hereto as **Exhibit B**.

WHEREFORE, Debtor prays for entry of an order (a) authorizing the post-petition use of Cash Collateral; (b) granting of a limited post-petition lien in favor of the Secured Creditors, to the extent of their relative interests in the Cash Collateral, in an amount equal to the Cash Collateral used; (c) directing the Debtor to make adequate protection payments (initially segregated and ultimately disbursed to the appropriate Senior Secured Lender); directing Amazon to release all funds (minus the contractual reserve) to the Debtor; and (d) for such other and further relief as the court deems proper.

Respectfully Submitted:

CONROY BARAN, LLC

*/s/ Robert S. Baran*
Robert S. Baran, KS #19681
1316 Saint Louis Ave., 2nd FL
Kansas City, MO 64101
(816) 616-5009
rbaran@conroybaran.com
*Proposed Attorneys for Debtor*

### CERTIFICATE OF SERVICE

On May 16, 2023, I requested this document and any referenced attachments to be served on all creditors on the Creditor Matrix by BK Attorney Services, LLC d/b/a certificateofservice.com, an Administrative Office of the United States Bankruptcy Courts Approved Notice Provider. Debtor will file a supplemental certificate of service and verification of service date from BK Attorney Services, LLC within 3 business days.

Secured Creditors Kalamata and SellersFi were also served by email immediately after this motion was filed.

*/s/ Robert S. Baran*
Robert S. Baran

# EXHIBIT A

## PROPOSED BUDGET

|  |  |
|---:|:---|
| *LRB AMZ* | $110,000.00 |
| *LRB WMT* | $270,000.00 |
| *V2U AMZ and Website* | $15,000.00 |
| *V2U* | $45,000.00 |
| **NET REVENUE** | **$440,000** |
|  |  |
| **NET COGS** | **$129,000** |
| *Vendor Costs* | $105,000 |
| *Shasta* | $24,000 |
|  |  |
| **MARGINAL CONTRIBUTION** | **$311,000** |
|  |  |
| **Shipping and Gas** | $138,000 |
|  |  |
| **AMZ/WMT Fee's** | $55,000 |
| **Labor** | $50,000 |
| **Benefits** | $5,600 |
| **Materials** | $12,000 |
| **Rent** | $18,000 |
| **Utilities** | $2,011 |
| **Cable/Phone/Internet** | $150 |
| **Refunds** | $5,200 |
| **Accountant** | $1,600 |
| **Advertising/Marketing** | $0 |
| **Outside Services** | $300 |
| **T&E** | $0 |
| **Insurance** | $2,200 |
| **PM's Truck** | $800 |
|  |  |
| **CONTROLLABLE COSTS** | **$290,861** |
|  |  |
|  |  |
| **PROFIT** | **$20,139** |

# EXHIBIT B

## PROPOSED ORDER

[*Remainder of Page Blank*]

[*Proposed Order Follows*]

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| WWMAJ SYSTEMS LLC, ) | Case No. 23-20536 |
| ) | Chapter 11 |
| Debtor. ) | Subchapter V |
| ) | |

## INTERIM ORDER (A) AUTHORIZING USE OF CASH COLLATERAL; (B) GRANTING ADEQUATE PROTECTION; AND (C) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(B)

On May__, 2023, the Court conducted a hearing on Debtor's Motion For Approval of Preliminary Order Pursuant to 11 U.S.C. 363 and Fed. R. Bankr. P. 4001 Concerning the Use of Cash Collateral and providing for adequate protection and related matters (the "**Motion**").

Appearances were as noted on the record.

WHEREUPON, having considered the statements of counsel, the file, and evidence before it, the Court finds as follows:

1. On May 16, 2023, (the "**Petition Date**") WWMAJ Systems LLC filed a voluntary petition for relief under Subchapter V of Chapter 11 of Title 11 of the United States Code (the

"**Code**"). Pursuant to §§ 1107 and 1108 of the Code, the Debtor remains as Debtor-in-Possession.

2. Debtor continues to operate its businesses and manage its property as Debtor-in-Possession.

3. Debtor is indebted to Kalamata Capital, LLC ("**Kalamata**") pursuant to a Loan and Security Agreement dated October 17, 2022, indebted to SellersFunding International Portfolio, Ltd. ("**SellersFi**") pursuant to multiple Receivables Purchase Agreements dated September 7, 2022, November 8, 2022, and November 12, 2022.

4. Kalamata and SellersFi (collectively, the "**Senior Secured Lenders**") claim security interests in and liens upon Debtor's accounts receivable and the proceeds therefrom (collectively, the "**Collateral**"). This Collateral constitutes Cash Collateral as defined in 11 U.S.C. § 363(a).

5. In return for the Senior Secured Lenders' consent to the Debtor's use of the cash collateral in which the Senior Secured Lenders claim a secured interest, and as adequate protection to the Senior Secured Lenders, they are hereby granted replacement liens in post-petition cash collateral (including cash, accounts receivable, and the proceeds thereof) of the Debtor to the same extent that the Senior Secured Lenders have valid liens on pre-petition cash collateral. Additionally, Debtor shall make monthly adequate protection payments equal to the interest that would accrue on the Cash Collateral used at an annual rate of 10%. Debtor shall segregate and hold such payments in trust until a determination of Kalamata's and SellerFi's relative interests and priorities in the Cash Collateral.

6. To the extent the adequate protection provided to Senior Secured Lenders proves to not be adequate to protect them against a post-petition diminution in the value of their collateral arising from the stay of action against such property under 11 U.S.C. 362, from the use, sale or lease of such property under section 363, or from the granting of a lien under section 364(d), within the meaning of Section 507(b), then the Senior Secured Lenders are entitled to have their claims for such diminution in

value of its collateral allowed as a super-priority administrative expenses pursuant to section 507(b).

7. Debtor has no source of income other than from the operation of its businesses and the collection of its accounts. If Debtor is not permitted to use cash collateral in the ordinary course of its business, it will be unable to pay its operating and business expenses, thus effectively precluding its orderly reorganization in these chapter 11 proceedings and causing imminent and irreparable harm to its bankruptcy estate.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Debtor shall be, and hereby is, granted the use of Cash Collateral on an interim basis on the terms and conditions set forth in this Interim Order.

**IT IS FURTHER ORDERED** that Amazon Payments, Inc. and/or its affiliates (collectively, "**Amazon**") to release the funds owed to WWMAJ Amazon is currently holding, subject to any customary holdback applicable to sellers on the Amazon platform.

**IT IS FURTHER ORDERED**, that this Interim Order shall expire unless extended by further order of the Court or upon entry of a final Order approving use of Cash Collateral.

**IT IS FURTHER ORDERED** that nothing contained in this Interim Order shall act as a waiver, release, or final determination of any parties' claim to or priority of interest in the Cash Collateral.

**IT IS FURTHER ORDERED** that the provisions of this interim Order shall be binding upon and inure to the benefit of the Senior Secured Lenders and Debtor, and their respective successors and assignees (including without limitation any Chapter 11 or Chapter 7 Trustee, examiner or other fiduciary hereafter appointed for Debtor or with respect to any of Debtor's property).

**IT IS FURTHER ORDERED** that this Interim Order shall become effective and enforceable upon approval and entry as an Order of the Bankruptcy Court. If any provision of this Interim Order is modified, vacated, or stayed by a subsequent Order of the Court, such modification, vacation, or stay

shall not affect the validity of any obligation or liability incurred pursuant to this Interim Order and prior to the effective date of such modification, vacation or stay.

**IT IS FURTHER ORDERED** that any objection to the Motion shall be filed on or before \_\_\_\_ \_\_\_, 2023, and a final hearing on Debtor's Motion shall be conducted on _____ \_\_\_, 2023 at US Bankruptcy Court, 500 State Avenue, Room 151, Kansas City, Kansas.

**IT IS FURTHER ORDERED** that Debtor shall, within two (2) business days after entry of this Interim Order, provide notice of entry of this Interim Order and mail copies of this Interim Order to the twenty (20) largest unsecured creditors and any party who has requested notice and does not receive such notice electronically. Any party who has filed an objection but fails to appear at the hearing shall be deemed to have withdrawn its objection.

**IT IS SO ORDERED.**

###

PROPOSED BY:

CONROY BARAN, LLC

/s/ *Robert S. Baran*
Robert S. Baran, KS #19681
1316 Saint Louis Ave., 2nd FL
Kansas City, MO 64101
(816) 616-5009
rbaran@conroybaran.com
Proposed Attorneys for Debtor